IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS,**

**Plaintiff,**

**v.**

**ICON CONSTRUCTION SERVICES, INC.,
and JEFF STANFORD, individually,**

**Defendant.**                                                              No. 08-816-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Defendants Icon Construction Services, Inc. and Jeff Stanford's (hereinafter "Defendants") motion to set aside entry of default (Doc. 14). Plaintiff opposes the motion (Doc. 15). Based on the pleadings, the case law and the following, the Court **GRANTS** Defendants' motion and **DENIES as moot** Plaintiff's motion for default judgment (Doc. 16).

Plaintiff filed its Complaint on November 18, 2008 seeking unpaid fringe benefit contributions to the Funds (Doc. 2). The record shows that Defendants Icon Construction Services, Inc. and Jeff Stanford were served on December 4, 2008, and that their responsive pleadings were due by December 24, 2008 (Docs. 5 & 6). Thereafter, Plaintiff moved for entry of Default as to both Defendants arguing that it

was entitled to entry of default as the Defendants had failed to plead or otherwise defend (Doc. 7). On January 5, 2009, the Clerk of the Court made an entry of default against both Defendant Icon Construction and Jeff Stanford (Doc. 8). Thereafter, on February 4, 2009, the Plaintiff moved for a default judgment (Doc. 9). However, Plaintiff later filed a motion asking to withdraw the motion for default judgment because the Defendants had indicated a willingness to settle the dispute and were involved in negotiations with Plaintiff (Doc. 11). The Court granted that motion and Plaintiff's motion for default judgment was withdrawn (Doc. 12).

On June 17, 2009, Defendants filed the instant Motion to Vacate Clerk's January 5, 2009 Entry of Default and for Leave to File Responsive Pleadings (Doc. 14). Defendants argue that they did not respond to the complaint because they were negotiating with Plaintiff regarding a settlement and were assured by Plaintiff that no default order would be sought while they negotiated. On June 30, Plaintiff filed a response, arguing that the entry of default should not be set aside. (Doc. 15). Plaintiff argues that prior to negotiations, a clerk's entry of default had already been entered and yet Defendants did not seek to set aside the entry until some four months later. Plaintiff argues that Defendants did not act quickly in correcting the default and also do not have a meritorious defense. Plaintiff further re-filed its motion for default judgment (Doc. 16). The Court now turns to address the merits of the motion.

## II. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 55(c)** provides that [f]or good cause shown the court may set aside an entry of default..." "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it and 3) [a] meritorious defense to plaintiff's complaint." ***Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).** The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. ***United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).**

The Seventh Circuit has noted many times that a default judgment is a harsh sanction that ought to be used sparingly. ***C.K.S. Engineers, Inc. v. White Mouintain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)**. In addition, "[a] default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when other less drastic sanctions have proven unavailing." ***Ellingsworth v.Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)**. Moreover, "[t]his circuit has a well-established policy favoring a trial on the merits over a default judgment." ***C.K.S. Engineers, Inc.*, 726 F.2d at 1205.**

Although the Court is aware that "courts must have at their disposal the sanction of dismissal in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not", ***Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983)**, the Court also finds that in general, in

the absence of a showing of wilfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment. ***See e.g. Sims v. EGA Products, Inc.*, 475 F.3d 865, 869 (finding that district court judge did not abuse his discretion in "concluding that entry of default would be overkill"); *Sun v. The Board of Trustees of the University of Illinois*, 473 F.3d 799, 81 (7th Cir. 2007) ("Although a district court has the default judgment 'readily available within its arsenal of sanctions,' it is a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." (internal citations omitted)); *Bieganek v. Taylor*, 801 F.2d 879 (7th Cir. 1986) (overturning district court's decision refusing to vacate default judgment based on a lack of evidence that defendant deliberately and wilfully disregarded the court's orders); *Bluegrass Marine, Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356 (S.D.Ill., 2002) (finding that although defendant made only a weak showing of good cause, he had acted quickly and had a meritorious defense)**. "In many ordinary cases resulting in default judgments, the defaulted parties were given various chances and warned; but, when they persisted in being unresponsive, they were then properly defaulted. The present case is not such a clear example of continuing disregard for the litigation." ***Bieganek*, 801 F.2d at 882.** "When it appears, as here, that there is a genuine dispute concerning material facts, it weighs in favor of a trial to decide those factual disputes in preference to judgment by default in which facts cannot be disputed and decided." *Id*. Furthermore, the Court

has the power to act in the interest of justice.  ***Judson Atkinson Candies, Inc. v. Latini -Hoberger Dhimantec*, 529 F.3d 371, 385-86 (7th Cir. 2008)**.

   Defendants argue that they have met all three elements to set aside the entry of default.  The Court agrees.  Defendants argue that they have met the "good cause" standard because they were assured by counsel for Plaintiff that Plaintiff would not file a motion for default against them while the parties conducted negotiations.  Defendants argue that both sides were optimistic about negotiating a settlement.  Defendants further point to Plaintiff's withdrawal of its Motion for Default Judgment as proof of the parties' belief that a settlement could be negotiated (See Doc. 11).  Defendants continued to negotiate with Plaintiff until they realized that negotiations would not result in a settlement and they had discovered that Plaintiff had obtained an entry of default against Defendant.  Immediately upon realizing that their negotiations would not reach a settlement, Defendants state that they hired a lawyer and sought to vacate the entry of default.  Clearly, this is not a situation where Defendants have willfully avoided defending this suit; they have been involved in the case, negotiating with Plaintiff in an effort to reach a settlement.  Further, there is a"well established policy favoring a trial on the merits over a default judgment." ***North Central Illinois Laborers' District Councel v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir. 1988)**.  Lastly, the Court finds that Defendants have stated a meritorious defense (See Doc. 14, Exs. 2 &3).  Thus, the Courts finds that default is not warranted under these circumstances and **GRANTS**

the motion to set aside the entry of default.

### III.  Conclusion

Accordingly, the Court **GRANTS** Defendants' motion to vacate clerk's January 5, 2009 entry of default and for leave to file responsive pleadings (Doc. 14) and **DENIES as moot** Plaintiffs' motion for default judgment (Doc. 16).  The Court **VACATES** the Clerk's entry of Default (Doc. 8).  Further, the Court **ORDERS** Defendants to file an answer to Plaintiffs' complaint within 20 days of the date of this order.

**IT IS SO ORDERED.**

Signed this 30th day of July, 2009.

/s/     DavidRHerndon

**Chief Judge**
**United States District Court**