IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CENTRAL LABORERS' PENSION,
WELFARE AND ANNUITY FUNDS**,

**Plaintiffs,**

**v.**

**ICON CONSTRUCTION SERVICES, INC.,
JEFF STANFORD, individually,**

**Defendants.**                                                  No. 08-816-DRH

## ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Defendant Jeff Stanford's August 13, 2009 motion to dismiss Count II of Plaintiff's complaint (Doc. 20). Specifically, Defendant contends that the Court should dismiss Count II of Plaintiff's complaint for failure to state a cause of action because Defendant Jeff Stanford cannot be personally liable for alleged unpaid contributions of Defendant Icon Construction Services, Inc. (Doc. 20). Plaintiff opposes the motion (Doc. 22).

On November 18, 2008, Plaintiffs filed a two count complaint against Defendants, Icon Construction Services, Inc. (Count I) and Jeff Stanford(Count II), individually, alleging violation of the Employee Retirement Income Security Act of 1974 ("ERISA") (Doc. 2). Defendant argues that Count II of Plaintiffs' complaint alleging individual liability of Defendant Jeff Stanford should be dismissed for failure to state a cause of action. Specifically, Defendant Jeff Stanford contends that he

cannot be personally liable for the alleged unpaid contributions of Defendant Icon Construction Services, Inc. because Plaintiffs have failed to allege that Defendant Jeff Stanford signed any collective bargaining agreements. Based on the record, the applicable law, and the following, the Court **DENIES** the motion.

## II. Analysis

### A. Standard of Review

Defendant Jeff Stanford brings his motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim. A court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8** when ruling on a motion to dismiss for failure to state a claim. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In ***Bell Atlantic Corp. v. Twombly***, the Supreme Court held that to survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).** The Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief" by providing "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do..." ***Id.* at 555** *quoting Papasan v. Allain*, **478 U.S. 265, 286 (1986).** The Seventh Circuit has read the ***Bell Atlantic*** decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what...claim is and the grounds upon which it rests."Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.

**E.E.O.C. v. Concentra Health Services, Inc. , 2007 WL 2215764, 2 (7th Cir. 2007) (citations omitted.)**

### B. Personal Liability for the Alleged Unpaid Contributions of Icon Construction Services, Inc.

The Employee Retirement Income Security Act of 1974 ("ERISA") imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. **29 U.S.C. § 1145,** *see* **Sullivan v. Cox, 78 F.3d 322, 325 (7th Cir. 1996).** Generally, an individual will not be held liable for the corporation's obligations under ERISA unless the corporation is acting for and an alter ego of the individual, or there exist facts that warrant piercing the corporate veil. ***Plumbers' Pension Fund v. Niedrich,* 891 F.2d 1297, 1299 (7th Cir. 1989).** The Seventh Circuit has found that an individual may be personally liable where individuals contractually accept responsibility for corporate liability, thus becoming "employers obligated to make contributions" to employee pension plans under **Section 1145.** ***Sullivan*, 78 F.3d at 325.**

Here, Defendant Jeff Stanford does not dispute the allegation that he is an employer, only that he is not contractually obligated in his individual capacity because there is no allegation that Defendant Jeff Stanford signed a collective bargaining agreement. Plaintiffs have alleged in their complaint that Defendant Jeff Stanford

-3-

executed a Participation Agreement with Plaintiffs dated October 12, 2001, agreeing to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers Pension Fund and Central Laborers Welfare Fund and all other funds or plans comprising the Funds, as though the Employer had actually signed the same. Plaintiffs' complaint gives Defendant Jeff Stanford fair notice of what their claim is and the grounds upon which it rests. In addition, Plaintiffs' complaint plausibly suggests that Plaintiffs have a right to relief, thereby satisfying the threshold pleading requirements under Federal Rule of Civil Procedure 8.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant Jeff Stanford's motion to dismiss Count II of Plaintiffs' complaint (Doc. 2).

**IT IS SO ORDERED.**

Signed this 23rd day of November, 2009.

/s/   David R Herndon
**Chief Judge**
**United States District Court**