IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CENTRAL LABORERS' PENSION,**
**WELFARE AND ANNUITY FUNDS,**

**Plaintiffs,**

**v.**

**ICON CONSTRUCTION SERVICES, INC.,**
**JEFF STANDFORD, individually,**

**Defendants.**                                                            **No. 08-816-DRH**

### ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Defendant Jeff Stanford's Motion for Partial Summary Judgment (Docs. 30 & 31). Specifically, Defendant seeks summary judgment on Count II of Plaintiffs' Complaint which alleges that Defendant Jeff Stanford should be held personally liable for any alleged unpaid contributions pursuant to the **Employee Retirement Income Security Act of 1974 (ERISA), et seq**. Defendant maintains that he should not be held personally liable as he signed as an officer of the corporation and not individually. The Plaintiffs have filed a Response in opposition to Defendant Stanford's motion, arguing that there is a material issue of fact as to whether Defendant Stanford's signature on the "Participation Agreement" subjects him to personal liability. Based on the following, the Court **DENIES** Defendant Stanford's motion (Docs. 30 & 31).

## II. Factual Background

This matter stems from a Complaint filed by Plaintiffs for alleged unpaid ERISA contributions by Defendants. Plaintiffs are Central Laborers Pension, Welfare and Annuity Funds, which are made up of various pension, welfare and related joint, labor-management funds. Specifically, in Count II of Plaintiffs' Complaint, Plaintiffs allege that Defendant Jeff Stanford is personally liable for the unpaid contributions because he signed an ancillary "Participation Agreement" on behalf of Icon Construction Services. The parties do not dispute that Defendant Stanford only signed the Participation Agreement and not the Restated Agreement and Declaration of Trust of the Central Laborers' Pension Fund (the "Agreement"). The parties also do not disagree that Defendant Stanford also signed report forms submitted to Plaintiffs which indicated hours worked and contributions owed for specific employees.

## III. Summary Judgment Standard

Under **FEDERAL RULE OF CIVIL PROCEDURE 56(a)** summary judgment should be awarded "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **FED.R.CIV.P. 56(a);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).** A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." A party can establish that a fact is in dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

affidavits or declarations, stipulations...admissions, interrogatory answers, or other materials." **FED.R.CIV.P. 56(c)**. A party can also prove that the cited materials do not establish a genuine dispute, "or that an adverse party cannot produce admissible evidence to support the fact." *Id*.

When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Schuster v. Lucent Tech., Inc.*, **327 F.3d 569, 573 (7th Cir. 2003)**. At the summary judgment stage, the "court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008)**.

## IV. Analysis

In Defendant Jeff Stanford's motion for summary judgment, he argues that his signature on the Participation Agreement does not subject him to personal liability because he signed as a corporate representative of Icon Construction Services, Inc., and not as an individual. Plaintiffs, in turn, argue that his signature on the Participation Agreement as well as on two report forms subjected him to personal liability under Section 3 of Article VI of the Restated Agreement and Declaration of Trust (See Doc. 2 Ex. 5 p. 21).

Courts have consistently held that when a case arises under Section 1145, state contract law applies "so long as the state law is not contrary to ERISA."

*Sullivan v. Cox*, 78 F.3d 322, 326 (7th Cir. 1996) (citing *Rockney v. Blohorn*, 877 F.2d 637, 643-44 (8th Cir. 1989)). Under Illinois law, "'[w]hen an officer signs a document and indicates next to his signature his corporate affiliation, then absent evidence of contrary intent in the document, the officer is not personally bound.'" *Id.* (citing *Wottowa Ins. Agency, Inc. v. Block*, 104 Ill.2d 311, 315-16, 84 Ill.Dec. 451, 453, 472 N.E.2d 411, 413 (1984)). *See also Knightbridge Realty Partners*, Ltd-75 v. Pace, 101 Ill.App.3d 49, 56 Ill.Dec. 483, 427 N.E.2d 815 (Ill.App.Ct. 1984) (finding an issue of material fact existed even though defendant signed with the word "President" indicating representative capacity, but that the contract stated that a personal guarantee would later be signed); *Central States, Southeast & Southwest Areas, Health & Welfare Fund v. Pittman*, 66 Ill.App.3d 300, 302 (Ill. App. Ct. 1978) (finding personal liability when the signature indicated that the signer, as an individual, would make the payments).

Here, Defendant Stanford clearly signed both the Participation Agreement and two of the report forms as Vice President and later, on one report form, as President. The documents state that the employer is Icon Construction and that Jeff Stanford is signing as an "authorized signature", indicating that Stanford signed in his representative capacity which under Illinois law would shield him from personal liability as he is not personally bound unless there is a contrary intent stated in the document. Plaintiffs do not dispute that the Participation Agreement was signed in Stanford's representative capacity as Vice President. Instead, Plaintiffs

argue that in signing the Participation Agreement, he agreed to be bound to the Restated Agreement and Declaration of Trust which in Section 3 of Article VI establishes that a director, who signed the report form, may be held personally liable for any underpayment or pecuniary loss caused by a willful violation of the requirements of the trust (Doc. 2 Ex. 5 p. 21).

The specific provision to which Plaintiffs refer sets out that:

> Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such an audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or any pecuniary loss to the Fund as a result of such conduct.

(Doc. 2 Ex. 5 p. 21). Plaintiffs argue that Defendant Stanford is subject to personal liability because he executed the Participation Agreement which adopted the Restated Agreement and Declaration of Trust. In doing so, he was bound to Section 3 of Article VI establishing personal liability for certain officers and directors who signed report forms which Plaintiffs argue Defendant Stanford did indeed sign making him subject to personal liability.

The Court agrees that in signing the Participation Agreement, Icon Construction subjected itself to the terms of the Agreement and specifically, Section 3 of Article VI. (*See* Doc. 31 Ex 1 ¶ 2 "The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other

funds or plans comprising the Funds..."). Therefore, under the terms of the Agreement, an officer, like Defendant Stanford, who signed the reports forms could be held personally liable under the terms of Section 3 of Article VI. Further, the terms of the report form itself subjects the signer to personal liability. Under the terms of the report form, the person signing the report "agrees to accept as a personal obligation for himself and on behalf of his firm to oversee the payment of the established rates of contributions to the aforesaid Funds." (Doc. 34 Ex. A). The report form makes clear that anyone signing the form could be subject to personal liability as they undertake a personal obligation by signing the form. Thus, the Court finds that Defendant's view of the facts is quite the opposite of the facts presented in the record. Clearly under both the terms of the Agreement and the report forms themselves, which Defendant Stanford signed, an officer signing on behalf of the company can be subject to personal liability. Accordingly, the Court **DENIES** Defendant's motion for summary judgment (Doc. 30).

## V. Conclusion

Accordingly, the Court **DENIES** Defendants' partial motion for summary judgment (Docs. 30 & 31).

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2010.

David R. Herndon
2010.12.22
17:05:25 -06'00'

**Chief Judge**
**United States District Court**